# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-76,177-02

| | | |
|---|---|---|
| EX PARTE MICHAEL CLIFFORD, | § | On Application for a Writ |
| APPLICANT | § | of Habeas Corpus in Cause No. |
| | § | 10-CR-0506-C(2) in the 94th |
| | § | District Court of Nueces County |

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 24 2015

Abel Acosta, Clerk

## APPLICANT'S RESPONSE TO STATE'S SUPPLEMENTAL ANSWER TO APPLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS

Comes now the Applicant, Michael Clifford, pro se, and files this response to the State's suuplemental answer to his application for writ of habeas corpus in the above-styled and numbered cause.

## I. NEED FOR EVIDENTIARY HEARING

Applicant asserts the need for an evidentiary hearing in light of his former counsel's affidavit given as part of the State's supplemental answer. L. Chris Iles was appointed to represent Applicant at his original trial proceedings.

Iles claims, "I reviewed the discovery myself and went over it in detail with the client for any meritorious defenses." This claim can be refuted by tangible evidence which can only be obtained by the Applicant only through order of the Court. Specifically, the evidence that will impugn this claim are the vistation logs of the Nueces County jail, which will show that counsel visited Applicant exactly ONE time prior to trial date, and for not more than 15 minutes. Indeed, this visit had nothing to do with discovery or the facts of the case, much less a recitation of "meritorious defenses". Counsel introduced himself,

proffered papers to sign (a representation agreement, if Applicant's memory serves), and left.

Applicant did not see consel again until day of trial, even though Applicant tried to contact him numerous times by telephone from the jail, and even had his wife call counsel's office. These facts can only be proven by evidentiary hearing, as a Court order is necessary to procur phone logs from the jail where the jailer noted outgoing calls, and where Applicant's wife would give testimony supporting this allegation.

Also, internal records kept by the jail should show the exact time Applicant arrived at Court on day of trial and how much time elapsed before hearing began. Applicant asserts that they will show not more than an hour would have been possible for such a conference as counsel claims took place. Indeed, the Applicant did not meet any longer than five minutes with Iles in this meeting suggesting ONLY the "meritorious defense" of an open plea that would result in probation. Since the Applicant was ammenable to probation, the open plea promise made good sense. IF counsel was aware of any facts of the case, at this point, he must have gleaned them from sources other than his client, for no discussion of them had taken place between them before this time, and Applicant testifies in his affidavit that he saw Iles looking at the prosecutor's notes AT this hearing to obtain facts.

The plea hearing was concluded, and trial date set. The ONLY other time applicant saw counsel during his entire representation (the third of the "several" Iles claims in affidavit), was at the court date. There was NO consultation prior to appearance, and

Joanna Clifford, Applicant's wife, could testify that she was unable to contact Iles and that Applicant had complained to her about being unable to reach his counsel.

For reasons herein enumerated, and because the required evidence cannot be procurred by the Applicant operating from prison as his own legal representative, an evidentiary hearing is vitally important to protecting the Applicant's constitutional rights to fair trial.

## II. REGARDING ILES' PROMISE OF PROBATION

Iles avers, "Regarding my allegedly promising him a particular result, I never promised petitioner that I would get him any particular result.

In the "Statement of the Case" Iles composed on direct appeal, he says, "...defendant entered an open plea of guilty to all four counts of the indictment without a plea agreement and requested deferred adjudication to the court." This is, in fact, exactly what happened, under counsel's advice, and it belies Iles' own version of events in the affidavit. Why would deferred adjudication probation be requested if it hadn't been discussed as part of a plea deal or a strategy for trial? And why would client and counsel go to direct appeal (as they did) if Iles' claim is true, and Clifford had been fully apprised of this possible result? It simply doesn't add up in Iles' version of events. IF Iles met several times with Clifford and explained the discovery, the defesne strategy and meritorious defenses, then the only possible explanation for an open plea would be that NONE of these items, including intoxication in mitigation,

was of any hope or use, and throwing himself on the mercy of the court was his only and best hope. If not for the ill-advisement of his attorney- the ineffective assistance of his attorney- Applicant would never have pled guilty, and because of this, his plea was rendered involuntarily.

## III. CLAIMS ON DISCOVERY

As far as State's claims regarding discovery and Iles' exploration of it goes, the truth of these claims can only be ascertained by evidentiary hearing. The Court will have to order the prosecutor's office to turn over records that will show if and when discovery was reviewed under Nueces County's "open file" policy.

Pursuant also, to this claim, under article 39.14 of the Texas Code of Criminal Procedure, Applicant is given the right to review all records in the district attorney's files of his case, and Applicant herein asserts his rights under the "Michael Morton" doctrine, and asks the Court to ORDER that he be able to review his file to glean possible evidence in support of these or future claims.

## IV. SUMMARY

Perhaps the true motives of counsel Iles are revealed in a Freudian slip made in his affidavit where he states, "...but nonetheless [defendant] wanted to plead open without a fee agreement in hopes of getting probation." The sentence, of course, should read "PLEA agreement", not "fee agreement", but it might show that Applicant's counsel wanted to get Clifford "pled out"

and get him out of the way so he could get on to his next paycheck. But, regardless of motive, counsel was flagrantly ineffective, and Applicant hopes the Court will order the necessary evidence to prove it.

## V. PRAYER

Wherefore, premises considered, Applicant asks the Court to ORDER an evidentiary hearing and to ORDER the D.A.'s file to be made available for review by the Applicant.

Respectfully Submitted this __11__ day of February, 2015:

*Michael Clifford*

Michael Clifford, pro se
TDCJ No. 1638874
Stevenson Unit
1525 FM 766
Cuero, Texas 77954

## DECLARATORY OATH

I, Michael Clifford, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*Michael Clifford*

Michael Clifford

## CERTIFICATE OF SERVICE

I, Michael Clifford, Applicant, certify that a true and correct copy of this answer was sent via first-class USPS mail to the following: James Odell, Asst. Dist. Att'y, 901 Leopard, Rm. 206, Corpus Christi, TX 78401.

*Michael Clifford*

Michael Clifford